**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3132-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MILTON T. LATHAM, a/k/a
MAURICE T. BYNUM,
SHAWN BYNUM, SHAWNEY
BYNUM and TASHAUN
BYNUM,

    Defendant-Appellant.

_____

> Submitted March 30, 2020 – Decided April 21, 2020
>
> Before Judges Geiger and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos: 09-12-3314 and 09-04-1065.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Milton Latham appeals from the denial of his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

An Essex County Grand Jury returned Indictment No. 09-04-1065 charging defendant with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two); and second-degree possession of CDS with intent to distribute within 500 feet of public housing, N.J.S.A. 2C:35-7.1 (count three).

The grand jury also returned Indictment No. 09-12-3314 charging defendant and a co-defendant with second-degree conspiracy to possess CDS with intent to distribute, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5(b)(2) (count one); third-degree possession of CDS, N.J.S.A. 2C:35-10(a), (b) (count two); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(2) (count three); second-degree possession of CDS within 500 feet of public housing, N.J.S.A. 2C:35-7.1 (counts four and seven); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count five); third-degree manufacturing and distributing CDS, N.J.S.A. 2C:35-5(b)(1) (count six); third-

degree receiving stolen property, N.J.S.A. 2C:20-7 (count eight); and second-degree committing a CDS offense while possessing a firearm, N.J.S.A. 2C:39-4.1 (count nine).

In June 2010, defendant pled guilty to counts three and nine of Indictment No. 09-12-3314 and count one of Indictment No. 09-04-1065. During the plea hearing, defendant testified that on August 30, 2008, in Newark, he possessed over half an ounce of crack cocaine with intent to sell it and possessed a handgun in his vehicle, as to Indictment No. 09-12-3314. He further testified that his co-defendant had nothing to do with either the drugs or the handgun. Regarding Indictment No. 09-04-1065, defendant testified that on November 10, 2008, in Newark, he possessed crack cocaine.

Defendant also testified that aside from the terms of the plea agreement, no other promises were made to him. He confirmed that no one threatened him to plead guilty and that he was pleading guilty because he was guilty. He acknowledged understanding that if he were convicted of another Graves Act offense, N.J.S.A. 2C:43-6(c), he faced a mandatory extended term sentence.

In September 2010, defendant was sentenced in accordance with the terms of the plea agreement to an aggregate five-year prison term subject to a three-year period of parole ineligibility on Indictment No. 09-12-3314, and a

3

concurrent three-year term on Indictment No. 09-04-1065. Defendant did not appeal his conviction or sentence on either indictment.

On October 13, 2018, defendant filed a pro se PCR petition. Counsel was assigned to represent him and filed separate briefs on each indictment. Defendant then filed additional certifications in support of PCR. Defendant claims he wanted to pursue a trial but was pressured to plead guilty and promised, if he did so, his charges would be downgraded. He also alleged trial counsel told him that his guilty pleas would be considered only one conviction. Defendant contends he was never advised that his pleas or sentence would affect his sentence for subsequent convictions.

Defendant is now in federal custody. He was classified as a career felon by the federal court and received an enhanced sentence because he had four convictions—three from these indictments and one from the federal prosecution.

An evidentiary hearing was conducted by Judge Michael A. Petrolle on January 22, 2019. Defendant waived his appearance at the evidentiary hearing and did not present any witnesses. Defendant's trial counsel, Brian Kapalin, testified for the State. Kapalin testified that he never told defendant he would receive one conviction for the three charges he was pleading guilty to. He explained that defendant was comfortable moving forward with the pleas and

satisfied with his representation. Kapalin explained that defendant faced extended term sentencing had he gone to trial.

Kapalin further testified that defendant did not have any prior or pending federal charges while he represented him. He also testified that he would have proceeded to trial on the indictments had defendant desired to do so. Kapalin indicated defendant did not wish to appeal either indictment.

Judge Petrolle found Kapalin's testimony to be credible. The judge found defendant was not told he would have only one conviction for all the charges. He also found defendant was not pressured to plead guilty and was well counseled. The judge further found that trial counsel was not obligated to advise defendant that his convictions would affect a future federal sentence because no attorney could anticipate a defendant's subsequent crimes, especially federal crimes. The judge also found defendant was advised of his right to appeal. These findings led to the conclusion that defendant failed to demonstrate that his pleas were not made knowingly, intelligently, and voluntarily.

Based on those findings and conclusions, the judge issued an order and oral decision denying relief because defendant failed to establish a prima facie claim of ineffective assistance of counsel under the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984): that defense counsel's performance

was deficient and that, but for the deficient performance, the result would have been different. This appeal followed.

On appeal, defendant raises the following contention:

> THE PCR COURT ERRED IN DENYING MR. LATHAM'S PETITION FOR POST-CONVICTION RELIEF BECAUSE COUNSEL WAS INEFFECTIVE IN FAILING TO ADVISE HIM THAT HIS CONVICTIONS UNDER INDICTMENTS 09-12-3314 AND 09-04-1065 WOULD LATER ENHANCE [A] FEDERAL SENTENCE.

Having considered defendant's arguments in light of the record and applicable legal standards, we conclude they lack sufficient merit to warrant extensive discussion in a written opinion, R. 2:11-3(e)(2) and affirm substantially for the reasons set forth by Judge Petrolle in his oral decision. We add the following comments.

Although legal determinations are reviewed de novo, "[a] reviewing court is required to affirm the findings of the trial court if they could reasonably have been reached on sufficient credible evidence in the record." State v. Nunez-Valdez, 200 N.J. 129, 141 (2009). The plea transcript and PCR hearing testimony fully support the judge's findings and the legal consequences that flow from those findings.

A-3132-18T4

A defendant has the right to be informed of the direct or penal consequences of his plea, but not to collateral consequences. State v. Howard, 110 N.J. 113, 122 (1988) (citation omitted). The sentencing effect of these convictions on a future federal conviction was not a direct or penal consequence that defendant had the right to be informed of. State v. Wilkerson, 321 N.J. Super. 219, 224-27 (App. Div. 1999). On the contrary, it was a collateral consequence. Id. at 227. There is no constitutional requirement to advise a defendant of the collateral consequences of a plea on subsequent crimes that have not yet been committed. Ibid. Failure to do so is not ineffective assistance of counsel.

Defendant's self-serving assertion that he wanted to pursue a trial but did not do so because counsel did not properly review his case, coerced him into pleading guilty, and told him he would have only one conviction, were not supported by credible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION